Dear Representative Lindley,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Is it a violation of Article X, Section 14 of the OklahomaConstitution to use state-owned facilities, computers, postage,envelopes, letterheads and state employees' time to create andsend out birthday letters to registered voters in a legislator'sdistrict?
¶ 1 In posing your question you described the following situation. A legislator downloads the voter registration rolls of his district onto the computer in his Capitol office. The voter information includes the voter's birth date. When the voter's birth date arrives, the legislator's staff prints a form letter wishing the voter/constituent happy birthday. The letter also introduces the legislator to the voter and provides contact information if the legislator can be of service. The letter is paid for by public funds, i.e., generated by a state employee using a state computer, printed on House stationery, placed in a House envelope and mailed from the House Post Office using House postage.
¶ 2 Article X, Section 14 of the Oklahoma Constitution provides that "[t]axes shall be levied and collected by general laws, andfor public purposes only." Id. (emphasis added). To constitute a public purpose for which money in the State Treasury may be appropriated, the purpose must be "affected with a public interest [and] performed by the state in the exercise of itsgovernmental functions." VFW v. Childers, 171 P.2d 618, 621
(Okla. 1946) (emphasis added).
¶ 3 In State ex rel. Lacy v. Jackson, 682 P.2d 218 (Okla. 1983), the court held that Article X, Section 14 prohibited a municipality from using public funds to pay the cost of printing and distributing a newspaper published by a private entity. Id.
at 220. The court held that a municipality may not indirectly publish a newspaper which "can cater to and promote private interests of advertisers as well as advance the self-servingprivate and political interests of incumbent officials." Id.
(emphasis added). Allowing a municipality to financially support a private newspaper "serves no legitimate public purpose but, on the contrary, bears considerable and grave potential for abuse, corruption and self-aggrandizement inimical to the general welfare." Id.
¶ 4 Relying on Lacy, this office concluded, in Attorney General Opinion 86-22, that a public school superintendent could not place a campaign bumper sticker for a political candidate on a car owned by the school district. Id. at 34. In so ruling, Opinion 86-22 stated that "using a publicly owned vehicle to promote a political candidate serves no legitimate public purpose and carries tremendous potential for abuse." Id.
¶ 5 As a result, when using House personnel, equipment, stationery, envelopes and postage, the legislator must be acting in his/her capacity as a legislator and not as a candidate or private citizen. If the communication between a legislator and constituent is nothing more than a personal birthday greeting, then the communication would not be for a public purpose and would violate Article X, Section 14. However, information contained in a communication relating to the legislator's work in his/her capacity as a legislator does indeed serve a public purpose. Whether information contained in any given communication serves a public purpose is a question of fact that must be determined on a case-by-case basis and is therefore beyond the scope of an official Attorney General Opinion. See 74 O.S.2001, 18b(A)(5). The Legislature is free, of course, to establish rules regarding its members' use of the mail that are stricter than what the law allows.
 ¶ 6 It is, therefore, the official Opinion of the Attorney General that:
 Article X, Section 14 of the Oklahoma Constitution prohibits a legislator from using public funds to send a communication that is nothing more than a personal birthday greeting to voters/constituents in the legislator's district. In contrast, information contained in a communication relating to the legislator's work in his/her capacity as a legislator serves a public purpose. Whether information other than a mere birthday greeting serves a public purpose is a question of fact that must be determined on a case-by-case basis. See 74 O.S. 2001, 18b(A)(5).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 GRANT E. MOAK Assistant Attorney General